Turley, J.
delivered the opinion of the court.
The question presented for consideration in this case, is, whether the bailee of a negro for hire, can employ him in blasting rock, as an ordinary and usual employment, such as men of ordinary discretion and prudence would usually be willing to engage their own slaves in, and whether, if the bailee so employ the negro hired, without the consent of his *429 owner, and an accident happen to him by reason thereof, whereby his value is impaired, the bailee is responsible to the owner therefor,.
We are of opinion, that the employment of blasting rock is not an ordinary and usual one; that it is attended with-more personal danger than is common to the usual vocations of life: and that a bailee, who has hired a negro for general and common service, has no right to employ him in such an occupation, without the consent of hi's owner; and if he does,,it is a conversion of the slave, and he is responsible for his value to the owner, if he think proper so to consider it — but, if not;, that he is responsible to him for any injury the slave may sustain while engaged in this unlawful employment; which may be recovered by action on the case. And in the case under consideration, by bill in chancery for an'account, because Ensley, the defendant, had possession of the negro, which is the subject of controversy at the time Of the unlawful use of him, and the accident consequent thereon, as administrator.
But we are also of opinion, that too large an amount of damages have been allowed from the proof; and also, that the charge for hire against him for the period of time he retained him in possession, as administrator, after the accident, which was given by the chancellor, is too great. We think $250, with interest from the date of the accident, is as much as the proof warrants, and that no more hire should be allowed after the accident, than was, or could have been had.
The clerk and master will recast the account upon this basis: some other points have been noticed, but not pressed, and we have not thought it necessary to examine them.